John Stokes
Pamela Stokes
12887 Raven Way
Bigfork, Montana 59911
(406) 334-5381

MAY 06 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

UNITED STATES DISTRICT COURT
MISSOULA DISTRICT OF MONTANA

JOHN P. STOKES and
PAMELA J STOKES

      Plaintiff

Vs.

JUDGE DEBORAH K. CHRISTOPHER,
JUDGE JAMES A. MANLEY,
Individually and in their official capacity
As Judges of Lake County Montana,
Twentieth District.

      Defendants

VERIFIED COMPLAINT

JURISDICTIONAL BASIS

I.     Plaintiff's claim federal jurisdiction pursuant to Article III Section 2 which extends the jurisdiction to cases arising under the US Constitution.

II.     Plaintiff's brings this suit pursuant to Title 42 U.S. Code Section 1983 for violation of certain protections guaranteed to them by the First, Fifth, Eighth, Ninth and Fourteenth Amendments of the federal Constitution by

1

the Defendants under color of law in his/her capacity as a judge of the District Court of Lake County, Montana.

## PARTIES

III. Plaintiffs JOHN P. STOKES and PAMELA J. STOKES are natural persons residing at 12887 Raven Way, Bigfork, Montana, 59911

IV. Defendants are Judges presiding at the Twentieth District, Lake County, Montana,

## STATEMENT OF THE CASE

IV. Title 42 U.S. Code Section 1983. Every person who under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. Judges do not have absolute immunity. The defendants are not entitled to a public paid defense.

V. In March 2009, John Stokes sought Chapter 11 bankruptcy protection from an unlawful slander judgment of $3,800,000.00. John Stokes owned

KGEZ 600 AM radio in Kalispell. John Stokes was a broadcaster and investigative journalist. John Stokes exposed corruption at all levels of government. John Stokes caused to be removed two sitting Judges in Flathead County District Court. Both retired mid term on same day citing personal reasons. John Stokes has been denied equal access to every state court in Montana. These two defendant Judges herein are particularly prejudice against John Stokes.

VI. An appeal was pending in Supreme Court, Montana. The Slander plaintiffs were attempting to levy on the judgment, Stokes filed Bankruptcy protection so the appeal could continue. Slander fine is 3% of net worth. The judgment would be remanded. Within weeks, AUST moved to convert to Chapter 7. The underlying lien on the radio station of approximately $1,100,000.00, well secured, abandoned the contract and joined the Trustee to liquidate. The station sold for $800,000.00 cash, Assignment of $3,000,000.00 of the $3.8 million judgment, A dismissal with prejudice of a $2,200,000.00 usury complaint against them (Sullivan Group). Total compensation was $6,000,000.00.

VII. The AUST then focused on the residence located on 80 acres, one parcel, 12887 Raven Way, Bigfork, Montana, 59911. The residence was owned by Elizabeth Stokes / Pickavance since 1998 and John and Pamela Stokes

retained an irrevocable life estate. There was an alleged lien purported to be held by HSBC. The AUST filed an Adversary Complaint BK # 09-60265, Doc# 361, 02/04/2011. The action was a 11 USC 363(f) sale free and clear of all liens, particularly disallowing HSBC and the interests of Elizabeth Stokes/ Pickavance, John and Pam Stokes. AUST did not recognize or accept any other liens. Elizabeth Stokes / Pickavance, prepared a Quit Claim and delivered it to the AUST. The AUST accepted the title. HSBC was notified numerous times and was properly served. HSBC did not respond or object in any way, nor did any others, contest or appeal. Later a settlement was made in which Pamela Stokes would purchase the residence from the court. If she didn't perform, the Trustee was free to sell to any others under 11 USC 363(f) free and clear of all liens. Pamela Stokes performed and transfer of the title and property confirmed with the settlement. Later HFC II filed a Proof of Claim, swearing under penalty of perjury they now owned the disallowed HSBC Note and lien. John Stokes challenged as the Note produced by HFC II was not assigned to them and instead assigned to HFC III. Both companies went out of business in July 2009. HFC II withdrew it's motion to lift stay, as they had no interest whatsoever in the disallowed Note and lien.

VIII. John Stokes was eventually discharged. The Stokes then began getting demand letters from the group of investors that held the lien on KGEZ, claiming a deficiency of approx. $224,000.00 on sixty acres of the 80 acres, that was sold to Pamela Free and clear of all liens. The Sullivan group filed no objection to that sale or appealed. The sued the Stokes for payment and Sheriffs sale. Judge James A. Manley was appointed to that Lake County case # DV-14-209.

A year later, the Stokes begin getting demand letters for payment of the disallowed lien and note from Caliber Home Loans, alleging LSF8 has been assigned the interest of HFC II or face Trustee Sale. LSF8 named First American Title Company of Montana as Trustee and US Bank N.A. and began a Trustee foreclosure on the disallowed lien and note. The Stokes filed a civil complaint for damages. Judge James A. Manley was appointed to the case. DV-24-2014, Lake County. A request for a Temporary Restraining Order to halt the Trustee Sale was denied. Judge Manley refused to acknowledge Judge Ralph Kirschner order of March 12, 2012, selling the property free and clear to Pamela Stokes and still does. Pamela Stokes then filed an emergency Chapter 13, Bankruptcy.

IX. LSF8 filed a Proof of Claim, using the same " Blank" disallowed assignment used by HSBC and made a motion to lift the stay. Pamela

Stokes challenged and a hearing was set. Prior to hearing LSF 8 produced the Note. LSF 8 had assigned all right title and interest back to HFC II on or before February 2015. First American Title and US Bank N.A. no longer had any authority to conduct a trustee sale for LSF 8 as they assigned their interest back to HFC II. Pamela Stokes attorney, nor the court caught LSF 8 assignment and altering evidence. Later LSF 8 attorney Erica Peterman acknowledged LSF 8 assigned their interest to HFC II.

X. A Chapter 13 plan was agreed to by all whereas the Lake County litigation would continue, no payments would be made to the "Sullivan Group" claiming a lien on 60 acres. Both LSF 8 and the Sullivan Group agreed that in the event, it was found that the Stokes owed any money, they agreed to be paid off with a reverse mortgage and Stokes retain their property. The Plan was approved by the Bankruptcy Court # 14-61170 dated April 13, 2015.

XI. LSF 8 refused to litigate and defaulted. Stokes obtained defaults of approximately $4,600,000.00 against the defendants. LSF 8 continued a Trustee sale and foreclosure, in spite of the fact they had assigned the

disallowed interest to HFC II. Judge Manley refused to sign the Judgment. John Stokes was forced to file Chapter 13, on July 18, 2016. All parties, including the court were notified of the filing and the automatic stay under 11 USC 362 (a). The Complaint and $4,600,000.00 became assets of the estate on July 18, 2016. On July 26, 2016, Judge Manley with full knowledge of the bankruptcy filing schedules a hearing on the Defaults for August 10, 2016. Judge James A. Manley then makes ex parte contact with the defendants, and they file a motion to dismiss and summary judgment hours after setting the hearing. At no time did they ask for a Rule 60 motion for late answer after 1 ½ years of default. At that time defendants attorney of record was Benjamin Hursch, now sitting bankruptcy Judge, Montana. On August 10, 2016, Judge Manley conducted a hearing in direct violation of the automatic stay, The defendants also participated. Chapter 13 Trustee, Robert Drummond, working with the defendants, deceives Stokes that the creditors meeting of August 12, 2016 had been postponed till September 2016. No one attended on August 12, 2016. Robert Drummond then moves the court for dismissal. Four days later, LSF 8 conducts a Trustee Sale without any knowledge, on a note they no longer had any interest. Judge Manley then dismissed the case claiming muteness, in spite of violating two

bankruptcy orders. State Courts have no jurisdiction over Bankruptcy orders. Stokes appealed to the Montana Supreme Court, to no avail. Defendants then declare Stokes a Vexatious litigant. Supreme Court Montana 2017- 275 filed 11/07/2017.

XII. In case # DV- 14-209. The Sullivan Group refused to litigate. After 4 ½ years, the Stokes made a motion to dismiss, for lack of prosecution. Judge Manley denied Stokes dismissal, in spite of the fact the Sullivan Group were in violation of Pamela Stokes Chapter 13 plan, to litigate. Another year passes and the Stokes make another motion to dismiss for lack of prosecution. Again denied. Judge Manley then schedules a bench trial date for August 12, 2020. Judge Manley had already made his mind up and only allowed 1 ½ hours for trial. Judge Manley found in favor of the Sullivan Group, in violation of two bankruptcy Orders, allowed immediate possession, allowed back payments of $442,000.00 and a deficiency award against the Stokes daughter if Sheriff sale did not produce $742,000.00 from the sale of 60 acres, previously sold to Pamela Stokes under 11 USC 363 (f) sale. John Stokes, dismissed his attorney Edward Murphy and appears for himself pro se. The withdrawal was approved by the court, 01/25/202. James Manley refuses and rejects all pleadings from John Stokes, instructs the clerk to never accept any

pleadings, defenses, motion whatsoever, unless Stokes obtains his preapproval. Order dated April 26, 2021.

## CLAIMS AGAINST JUDGE DEBORAH CHRISTOPHER

XIII. LSF 8 filed a Complaint for Possession and eviction of the residence located at 12887 Raven Way, Bigfork, Montana, 59911on November 8, 2018 # DV-24-2015, Lake County, Judge Deborah K. Christopher presiding. Claiming they are the lawful owner from the fraudulent Trustee Sale. John Stokes was personally served as a defendants John Stokes paid the appearance fee and filed an Answer and Counter Claim and Demand for Jury Trial on 12/03/2018. LSF 8 did not answer or respond or deny the counter claims. Judge Christopher refused to enter a default. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XIV. Pamela Stokes filed an Answer and Counter Claims and Demand for Jury Trial on 12/31/2018 and paid the defendants fee. At no time did LSF 8 answer, deny or respond to Pamela Stokes Answer Counter Claims and demand for Jury Trial. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XV. On April 19, 2019 Judge Christopher entered an Order Striking John Stokes Answer and Counter Claims and demand for Jury Trial. On May 22, 2019 Judge Christopher denied Pamela Stokes request for Default. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XVI. Judge Christopher denied John Stokes Discovery. LSF 8 refused to answer requests for admissions and production of documents. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XVII. All questions of fact were to be decided by a jury. Judge Christopher decided all questions of fact in violation of the Jury Demand. The Stokes requested oral argument and was denied. No hearing was held and Judge Christopher entered Summary Judgment in favor of LSF 8 on December 21, 2020. Judge Christopher violates two Bankruptcy Orders. State District Court do not have jurisdiction to alter, change or ignore Bankruptcy sales or agreements or Orders. Judge Christopher granted immediate possession, in violation of the confirmed Chapter 13 Bankruptcy plan of Pamela Stokes. Judge Christopher also willfully and spitefully violated the National Moratorium on Evictions till June 30,

2021. On February 2, 2021 Judge Deborah Christopher violated 11 USC 362 (a) and issued Order for immediate possession. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XVIII. Judge Deborah Christopher denied John Stokes equal access to the court, defense and Jury trail, permitted theft of property, striking John Stokes Pleadings. Denying and violating John Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments.

XIX. Judge Deborah Christopher denied Pamela Stokes equal access to the court, defense and Jury trial, permitted theft of property, Denying Default awards. Pleadings. Denying and violating John Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments.

XX. Judge Deborah Christopher Voided Judge Ralph Kirschner Order of March 12, 2012 and transferred possession of Stokes residence. Judge Christopher acted outside jurisdiction and under color of law causing actual damages of $1,500,000.00

XXI. Judge Deborah Christopher knowing and willingly violated 11 USC 362(a) on February 2, 2021. The Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments. Under 11 USC 362 (k) Judge Christopher is liable for actual damages of $1,500,000.00. and Title 42 Sec. 1983 USC

XXII. Judge Deborah Christopher at all times had actual knowledge that LSF 8 forged and fabricated mortgage documents and unlawfully foreclosed. In fact aided and abetted the continued fraud Denying and violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXIII. Judge Deborah Christopher has ordered the eviction of the Stokes in direct violation of the irrevocable 'life estate" held by the Stokes without hearing. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

## CLAIMS AGAINST JUDGE JAMES A. MANLEY

XXIV. Judge James Manley knowingly and willfully violated 11 USC 362(a) and purposely removed $4,600,000.00 from the estate of John Stokes without jurisdiction on August 10, 2016. Judge Manley is personally liable for acting without jurisdiction and would later lie about his knowledge of the Bankruptcy Petition. violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXV. Judge James Manley had personal and actual knowledge LSF 8 and their predecessors forged and fabricated four disallowed Liens and notes. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXVI. Judge James Manley ignored two Federal Bankruptcy Orders voiding the Orders and acting outside his jurisdiction. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights. Judge James Manley violated Bankruptcy Order on confirmed Chapter 13 plan and awarded back payments of $442,000.00 in violation of the order, voiding and ignoring the order without jurisdiction. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXVII. Judge James Manley denied, John Stokes equal access the court, preventing defense of person and property in a current action Ordered dated April 26, 2021. Perpetually banning John Stokes from all Montana State courts Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXVIII. Judge James Manley Has ordered the Lake County Sherriff to evict the Stokes in violation of the March 12, 2012 Order and sale. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

XXIX. Judge James Manley has ordered the eviction of the Stokes in direct violation of the irrevocable 'life estate" held by the Stokes without hearing. Violating the Stokes, First, Fifth, Eighth, Nineth, Fourteenth amendments rights.

## PRAYER FOR RELIEF

Wherefore Plaintiffs prays this Court issue equitable relief as follows:

1. Issue immediate injunctive relief commanding the Defendants to cease and desist all efforts to evict Stokes from their residence and property and rescind all Orders for possession or Sheriff Sale and restore title free and clear to Pamela Stokes free and clear of all liens per Judge Kirschner Order and Deed of March 12, 2012.

2. To award actual damages to Plaintiffs against Judge Deborah Christopher in claims # X11 through XX11, in her individual and official capacity as Judge of Lake County, Montana.

3. To award actual damages to Plaintiffs against Judge James Manley in claims XX111 through XXV111, in his individual and official capacity as Judge of Lake County, Montana.

4. To issue declaratory relief as this Court deems appropriate and just.

5. To issue other relief as this Court deems appropriate and just.

6. Award Plaintiffs their cost of all litigation.

7. Award emotional damages, as emotional damages are actual damages.

Respectfully submitted,

May 4, 2021

*John Stokes*

John Stokes

*Pamela Stokes*

Pamela Stokes

12887 Raven Way

Bigfork, Montana 59911

(406) 334-5381

## STATEMENT OF VERIFICATION

We have read the above complaint and it is correct to the best of our knowledge.

*John Stokes*

John Stokes

*Pamela Stokes*

Pamela Stokes

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a jury trial on all issues raised in this complaint. Based upon fact the two defendants are local judges, a jury would remove any appearance of prejudice or bias.