IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JOHN P. STOKES and PAMELA STOKES,<br><br>Plaintiffs,<br><br>vs.<br><br>JUDGES DEBORAH CHRISTOPHER and JAMES MANLEY,<br><br>Defendants. | CV 21–55–M–DWM<br><br>ORDER |

Plaintiffs filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983 related to a bankruptcy proceeding against two state district judges in the Twentieth Judicial District, Lake County, Montana.

I. **Motion to proceed in forma pauperis**

Plaintiffs' motion is sufficient to make the showing required by 28 U.S.C. § 1915(a). (*See* Doc. 1.) Their request to proceed in forma pauperis is granted.

II. **Screening Standard**

Because Plaintiffs are proceeding in forma pauperis, their Complaint must be reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis before it is served if it is frivolous or

1

malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Nevertheless, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

II. **Screening Analysis**

Here, Plaintiffs allege constitutional violations based on Judge James Manley and Judge Deborah Christopher's actions in certain state civil cases that Plaintiffs argue violated bankruptcy orders and stays. However, a judge is absolutely immune from suit for judicial actions undertaken in the course of his or her official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). For purposes of judicial immunity, "[a] clear

absence of all jurisdiction means a clear lack of subject matter jurisdiction."
*Mullis v. U.S. Bankr. Ct. for the Dist. of Nev.*, 828 F.2d 1385, 1389 (9th Cir. 1987) *cert. denied*, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (internal quotations marks omitted). Judges Christopher and Manley's rulings in Plaintiffs' court proceedings are unquestionably judicial acts done within their general jurisdiction as state district court judges. And, while alleged violations of a bankruptcy order or stay could be subject to collateral attack, they do not divest a court of jurisdiction. *See Kalb v. Feuerstein*, 308 U.S. 433 (1940); *In re Gruntz*, 202 F.3d 1074, 1082–83 (9th Cir. 2000); *Ortal v. Monroe*, 2008 WL 11452456, at *2 (C.D. Cal. Jan. 29, 2008). Accordingly, the defendants are entitled to judicial immunity. And because these are not defects that could be cured by amendment, dismissal is appropriate.

## IV. Conclusion

Based on the foregoing, IT IS ORDERED that:

(1) Plaintiffs' motion to proceed in forma pauperis (Doc. 1) is GRANTED.

3

(2) The Clerk shall edit the text of the docket entry for the Complaint to removed the word "LODGED".

(3) This matter is DISMISSED WITH PREJUDICE.

(4) Plaintiffs' motion to appoint counsel (Doc. 7) is DENIED as MOOT.

(5) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(6) The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint lacks arguable substance in law or fact.

DATED this 12d day of May, 2021.

Donald W. Molloy, District Judge
United States District Court